IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSE SANCHEZ | : | NO. 15-281 |

MEMORANDUM

Bartle, J.                                      October 27, 2016

The court has before it the motion of defendant Jose
Sanchez for new trial under Rule 33 of the Federal Rules of
Criminal Procedure.

Sanchez was indicted on one count of conspiracy to
distribute cocaine (21 U.S.C. § 846), two counts of possession
with intent to distribute cocaine (21 U.S.C. § 841(a) and (b)),
and three counts of unlawful use of a communication facility in
furtherance of a drug felony (21 U.S.C. § 843(b)).  The trial
began on Friday, October 14, 2016 with the selection of the jury
and concluded on Tuesday, October 18, 2016 with the announcement
of the jury's verdict.  The jury found Sancez guilty on all six
counts.  He was represented by Michael Elias Stosic, who was
privately retained.

It was not until Thursday, October 20, 2016, two days
after the trial had ended, that the undersigned learned for the
first time that the Supreme Court of Pennsylvania had previously
suspended Stosic from the Bar of the Commonwealth for a period

of one year and one day.  The suspension was based on a variety of infractions including ineffective representation of clients, failure to inform clients of his lack of professional liability insurance, and sanctions imposed by several judges of the Court of Common Pleas.  The Supreme Court order was entered on September 14, 2016, to be effective thirty days later on October 14, 2016.  Thus, the suspension order of the Supreme Court of Pennsylvania took effect on the opening day of the trial.

On October 20, 2016, the undersigned also learned for the first time that on September 21, 2016 the Chief Judge of this Court Petrese B. Tucker had entered an order for Stosic to show cause why the imposition of identical discipline by this Court would be unwarranted.  Stosic was given thirty days to respond.  His response was not due until October 21, 2016, three days after the trial ended.

After having belatedly been made aware of Stosic's suspension and Chief Judge Tucker's order to show cause, the undersigned held a hearing on Monday, October 24, 2016 at which Stosic, Sanchez, and counsel for the Government were present.  A court-appointed attorney was also in attendance to protect the interests of Sanchez.  The purpose of the hearing was to focus on the effect the suspension had on the trial and especially on the defendant.

At the hearing, Stosic admitted that he had not informed Sanchez or the undersigned of his suspension or the outstanding order of Chief Judge Tucker.  The court-appointed attorney on behalf of Sanchez moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, which provides that "[u]pon the defendant's motion . . . the court may grant a new trial if the interest of justice so requires."

The Government urges the court not to grant a new trial on the ground that Stosic's conduct did not amount to per se ineffective assistance of counsel.  It cites <u>Vance v. Lehman</u>, 64 F.3d 119 (3d. Cir. 1995).  There, the petitioner had been convicted of murder in the state court.  In a collateral proceeding, he claimed his counsel was ineffective because counsel's law license had been revoked shortly after the trial due to a material misrepresentation his counsel had made on his application for admission to the Pennsylvania Bar.  The Court of Appeals affirmed the denial of habeas relief on the ground that no per se violation of the Sixth Amendment had occurred and that there had been no prejudice to petitioner under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

<u>Vance</u> is inapposite.  There, the petitioner was seeking collateral relief based on an alleged constitutional violation in state court.  Here, Sanchez is seeking a new trial

under Rule 33 without regard to whether Stosic's representation
was ineffective under the Constitution.

In considering the pending motion and the Government's
opposition, we are mindful of the apt words of the United States
Supreme Court written long ago by Justice Sutherland in <u>Berger
v. United States</u>, 295 U.S. 78 (1935):

> The United States Attorney is the
> representative not of an ordinary party to a
> controversy, but of a sovereignty whose
> obligation to govern impartially is as
> compelling as its obligation to govern at
> all; and whose interest, therefore, in a
> criminal prosecution is not that it shall
> win a case, but that justice shall be done.

<u>See</u> <u>id.</u> at 88.

Stosic's failure to tell his client and the
undersigned of his impaired professional status constitutes a
flagrant lack of candor about a material fact.  Even more
flagrant was Stosic's continued representation of Sanchez,
particularly when the Supreme Court of Pennsylvania had based
its suspension order in part on the fact that his representation
of a number of clients had been grossly deficient.  Stosic's
past deficiencies as a practicing lawyer are of special concern
here because Sanchez was being tried in this court for extremely
serious offenses.  Because Sanchez had a prior drug conviction,
the maximum penalty for each count of possession with intent to
distribute cocaine and for conspiracy to distribute cocaine is

imprisonment for thirty years.  See 21 U.S.C. § 841(b)(1)(C).
The charges related to the use of a communication facility in
furtherance of a drug felony carry a maximum penalty of eight
years each.  See 21 U.S.C. § 843(d).

While Stosic had not been suspended from the practice
of law in this court at the time of the trial, he certainly knew
that at the very least reciprocal suspension was imminent.
Indeed, it turns out that he has not sought to challenge any
suspension by this court.[1]  We are not going to allow form to
override substance under the compelling circumstances of this
case.  Whether or not his representation rose to the level of
ineffective assistance of counsel under the Sixth Amendment,
Stosic's representation of Sanchez undermined the fairness and
integrity not only of the trial but also of the federal judicial
system.

The court will grant the motion of defendant Jose
Sanchez for a new trial in the interest of justice under Rule 33
of the Federal Rules of Criminal Procedure.

---

1.  The October 21, 2016 deadline for a response to Chief Judge
Tucker's order to show cause has now passed, and Stosic has not
filed any response on the docket.  See In Re Michael Elias
Stosic, Misc. No. 16-190 (E.D. Pa.)